## STATE v HIGGINS

Ohio Appeals, 9th Dist, Medina Co

No 149.   Decided April 20, 1937

R. E. Snedden, Pros. Atty., Medina, for appellee.

Kirkbride, Boesel, Frease & Cole, Toledo, for appellant.

### OPINION

By DOYLE, J.

The appellant, James C. Higgins, was indicted by the grand jury of Medina County under §7248-2, GC, for the offense of operating a commercial tractor and semi-trailer in excess of 40 feet in length upon a public highway.   The appellant was tried in the Common Pleas Court without the intervention of a jury, a jury having been waived in writing by him.   Said court found him guilty and assessed a penalty within the provisions of the statute.   That judgment of the trial court is now presented here for review on appeal on questions of law.

It is urged by appellant that "the judgment is not sustained by sufficient evidence and is contrary to and manifestly against the weight of the evidence."

The state's contention was that the ve-

hicle in question was in fact a commercial tractor and semi-trailer, and came within the 40-foot limitation of §7248-2, GC.   The appellant claimed that the first unit of the outfit was not a tractor but a truck or commercial car, and that the outfit was thus entitled to a length limitation of 60 feet.

The evidence adduced tended to prove that the first unit carried its own load, had its own loading platform, and could be used alone for the hauling of freight; that the second unit had but one axle, situated about 2/3 of the way back from its front end; that the second unit was connected to the first unit by a draw bar which fastened into a slot on the rear of the first unit; that the second unit had no motive power; and that, through the medium of the connecting bar, a part of the weight of the second unit of necessity rested upon and was carried by the first unit.

Sec 7248-2, GC, is in part as follows:

"* * * Nor shall any commercial tractor and semi-trailer be operated in combination of a greater length than 40 feet including load * * *."

Sec 6290, GC, defines "commercial tractor," "commercial car" and "semi-trailer" in the following way:

"Definitions of terms, as used in this chapter and in the penal laws, except as otherwise provided:

"* * *

"4. 'Commercial tractor' except as defined in subdivision 3 means any motor vehicle having motive power designed or used for drawing other motor vehicles, or designed or used for drawing another motor vehicle while carrying a portion of such other motor vehicle or its load, or both.

"6. 'Commercial car' means any motor vehicle having motor power designed and used for carrying merchandise or freight, or for carrying more than seven persons, or used as a commercial tractor.

"8. 'Semi-trailer' means any vehicle of the trailer type without motive power so designed or used with another and separate motor vehicle that in operation a part of its own weight or that of its load, or both, rests upon and is carried by such other vehicle furnishing the motive power for propelling itself and the vehicle herein referred to, and shall include, for the purpose only of registration and taxation under the provisions of this chapter, any vehicle of the dolly type, such as a 'trailer-dolly,' designed or used for the conversion of a 'semi-trailer' into a 'trailer'."

Was the first unit a commercial tractor within the meaning of §7248-2, GC?

We are of the opinion that the record evidence conclusively proves that the first unit of the outfit operated by the defendant is what is described in the statute as a commercial tractor—i.e., a motor vehicle which was designed and used for carrying freight as well as for hauling a separate unit; and that the second unit is what is described in the statute as a semi-trailer—i.e., a vehicle with a part of its weight and load resting upon and carried by the first unit. We are further of the opinion that under the statute such a combination is limited to a length of 40 feet, including the load, and that the combination in question exceeded that length. Therefore, the evidence in that respect was sufficient to warrant a conviction.

We are further of the opinion that, as to the other assignments of error, nothing prejudicial to the rights of the appellant intervened.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.